Azucena F. HENSLEY, Appellant,

v.

Salvador SALINAS et al., Appellees.

No. 5971.

Court of Civil Appeals of Texas, Waco.

Feb. 8, 1979.

Rehearing Denied March 1, 1979.

Ronald D. Zipp, Pena, McDonald, Prestia & Zipp, Edinburg, for appellant.

Mitchell O. Sawyer, Kelley, Looney & Alexander, Edinburg, O. C. Hamilton, Jr. and Ricardo H. Hinojosa, Ewers, Toothaker, Ewers, Abbott, Talbot, Hamilton & Jarvis, McAllen, for appellees.

## OPINION

JAMES, Justice.

This is an appeal by a plaintiff from a judgment in trespass to try title. Plaintiff-Appellant Azucena F. Hensley and some twenty other parties were plaintiffs in the above cause in the trial court at the time of trial; whereas the Appellees, to wit, Ignacia G. Gutierrez, Uvaldo Salinas, Jose Salinas, and Leonel Salinas were Defendants along with some fifteen other Defendants therein. Plaintiffs sought partition of a certain 1452.6 acre tract of land located in Starr County, Texas, asserting that Plaintiffs collectively owned an undivided 13/18ths of said land, and alternatively contended that Plaintiffs were the sole owners of said land under the five, ten, and twenty-five year statutes of limitation.

The judgment appealed from bears the date of March 8, 1978, and purports to be an agreed judgment based upon a compromise settlement, shown to be "approved as to form and substance" by the signatures of the attorneys representing all the parties.

Said judgment recites that on March 7, 1978, all of the Plaintiffs appeared by and through their attorney of record, (naming said attorney), and eight of the Defendants also appeared by and through their attorneys of record and announced ready for trial. Eleven of the Defendants did not appear nor file an answer and a default judgment was entered against those defendants. The judgment further recites that prior to the selection of a jury the remaining parties, by and through their attorneys of record, announced to the court that they had agreed upon a stipulation of facts and a compromise settlement of the dispute between them, whereupon the court proceeded to hear the stipulation of facts and the terms of the settlement agreement, and based upon such stipulation and agreement, said court rendered judgment. As stated, the judgment is shown to be approved as to form and substance by all the parties by and through their attorneys of record, and signed by the court on March 8, 1978.

The transcript contains a letter bearing date of March 11, 1978, purporting to be signed by Plaintiff-Appellant, addressed to the trial court judge, wherein Plaintiff-Appellant Hensley stated that she renounced the agreement set out in the judgment, and stated that she had not been consulted about it beforehand. Then on March 15, 1978, the District Clerk received a letter from Appellant which was filed in the papers of the case, in which Appellant moved for a new trial. Thereafter, to wit, on

March 27, 1978, Appellant filed her Amended Motion for New Trial alleging deprivation of property without due process of law, failure of consultation concerning the terms of the settlement agreement, and rejection of the terms of said agreement.

Appellant did not present said Amended Motion for New Trial to the court; therefore, said motion was overruled by operation of law on Friday, May 12, 1978. See Rule 329b, subparagraph 4, Texas Rules of Civil Procedure. No hearing was had upon the Amended Motion for New Trial, and therefore we have no statement of facts before us.

Appellant's sole point of error asserts "the trial court erred in not granting the Motion for New Trial in that the judgment of the trial court was based upon a settlement agreement entered into by her attorney without her knowledge." We overrule this point of error and affirm the trial court's judgment.

We are mindful of the well-settled rule that a final judgment cannot be rendered on a settlement agreement if consent of one of the parties is lacking. "It is not sufficient to support the judgment that a party's consent may at one time be given; consent must exist at the very moment the court undertakes to make the agreement the judgment of the court." *Burnaman v. Heaton* (1951) 150 Tex. 333, 240 S.W.2d 288, 291. Also see *Vickrey v. American Youth Camps, Inc.* (Tex.1976) 532 S.W.2d 292.

However, the above rule announced in *Burnaman* does not come into play in the case at bar, because we have no statement of facts before us by which we are enabled to evaluate the facts and circumstances surrounding Appellant's asserted want of consent to the agreed judgment. Appellant had the duty as proponent of the amended motion for new trial to present the same to the court for hearing, to present evidence to the trial court concerning the matters alleged in said motion, and to bring forward on appeal a statement of facts covering said hearing. Rule 329b, paragraph 4, Texas Rules of Civil Procedure; Rule 324, T.R.

C.P.; also see *Walden v. Sanger* (Tex.Civ. App., Austin 1952) 250 S.W.2d 312, no writ.

The record is silent concerning whether Plaintiff-Appellant was personally present in court at the time of trial, or what the extent of her attorney's authority was to make a settlement agreement in her behalf, or what the facts were concerning her alleged want of consent to the judgment. Her Amended Motion for New Trial contained as attachments thereto a purported copy of her letter to the trial judge of March 11, 1978, and her affidavit which purports to set out some of the circumstances surrounding her want of consent to the agreed judgment. Be that as it may, these are her pleadings and allegations pursuant to which Appellant has offered no proof. Under this state of the record we have no alternative but to affirm the trial court's judgment.

AFFIRMED.