**Azucena F. HENSLEY et al., Petitioners,**

v.

**Salvador SALINAS et al., Respondents.**

No. B–8372.

Supreme Court of Texas.

June 27, 1979.

Pena, McDonald, Prestia & Zipp, Ronald D. Zipp, Edinburg, for petitioners.

Kelley, Looney & Alexander, Mitchell O. Sawyer, Edinburg, Emilio F. Gutierrez, Laredo, Pope & Pope, John A. Pope, Frank R. Nye, Jr., Rio Grande City, Ewers, Toot-

haker, Ewers, Abbott, Talbot, Hamilton & Jarvis, O. C. Hamilton, Jr. and Ricardo Hinojosa, McAllen, for respondents.

## PER CURIAM.

This lawsuit originated as a trespass-to-try title suit to a certain 1452.6-acre tract located in Starr County. An agreed judgment was entered in the trial court which purports to represent a compromise between all of the plaintiffs of record and eight of the defendants of record. A default judgment was entered against the other eleven defendants. The agreed judgment which was entered on March 8, 1978, recites that all of the plaintiffs appeared "by and through their attorney of record" and that all approved of the settlement "as to form and substance." The agreed judgment was signed by the attorneys of record.

Azucena Hensley was one of these plaintiffs in the trial court. As soon as she heard about the agreed judgment, she wrote and informed the trial court that she was not previously informed of the terms of the judgment, and "completely rejected" the settlement. Hensley also by this letter, filed March 15, 1978, formally requested a new trial.

On March 27, 1978, Hensley, now assisted by new legal counsel, filed an Amended Motion for New Trial. Accompanying this motion was a letter requesting a hearing "as soon as possible." Also attached to this motion was an affidavit by Hensley in which she stated under oath that she was not consulted prior to the entry of the agreed judgment, and that its terms were completely unacceptable to her.

The trial court set the matter for a hearing on at least two different occasions. On each occasion, Mrs. Hensley made the trip from her home in Cameron, Milam County, Texas, to Rio Grande City, Starr County, Texas, a distance of over three hundred and fifty miles, only to find that for some reason the hearing had been postponed.

On April 18, 1978, and then again on April 28, 1978, Hensley, by letter confirming earlier phone calls, requested the trial court to make a definite setting. On May 12, 1978, Hensley's Motion for New Trial was overruled by operation of law before a hearing was held. The trial court severed this action, and Hensley perfected her appeal.

The Court of Civil Appeals sitting in Waco affirmed the agreed judgment of the trial court. 577 S.W.2d 383. While recognizing the general rule that a final judgment cannot be rendered on a settlement agreement if the consent of one of the parties is lacking, the Court of Civil Appeals held that Hensley had no evidence in the record to support her claim that she did not consent. We reverse the judgment of the Court of Civil Appeals and remand this case to the trial court for a hearing upon Hensley's Motion for New Trial.

■ ■ It is not disputed that a final judgment based upon a settlement agreement can only be rendered if all parties consent. *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951). However, in the present case Hensley was prevented from offering evidence to support her rejection of the settlement by the failure of the trial judge to hold a hearing.

This Court stated in *The University of Texas v. Morris*, 163 Tex. 130, 352 S.W.2d 947 (1962):

"In our opinion the proper meaning of the word 'present' as used in Rule 329b is no more than the movant must call the motion to the court's attention and ask for a ruling upon the same or face the possibility that the court will not act and allow the motion to be overruled by operation of law. As to whether the court will hear the movant or his motion is a matter within the discretion of the trial court *when it presents solely a question of law*." (Emphasis added.)

Necessarily, when a motion presents a question of fact upon which evidence must be heard, the trial court is obligated to hear such evidence when the Motion for New Trial alleges facts, which if true, would entitle the movant to a new trial and when a hearing for such purpose is properly requested.

As stated above, on at least three different occasions Hensley requested a hearing to present her evidence; yet the trial court failed to afford her that opportunity. We further approved in *The University of Texas v. Morris, supra,* the following statement:

" . . . 'When an attorney for the party appealing files his motion or amended motion for new trial and calls it to the attention of the trial court, and informs him that he is ready to present it for the court's action, he has done about all that he can do. . . .'"

It therefore follows that Hensley should not be denied her right to have her case considered upon appeal simply because she was denied her chance to introduce evidence in her own behalf.

We regard this decision to be in conflict with *The University of Texas v. Morris, supra.* Accordingly, the writ of error is granted; and without hearing oral argument, we reverse the judgment of the Court of Civil Appeals and remand the case to the trial court with instructions to conduct a hearing on Hensley's Motion for New Trial. Tex.R.Civ.P. 483.