**In the Interest of Devin Ray PARSON and Tevin Wayne Parson, Children.**

**No. 07–01–0285–CV.**

Court of Appeals of Texas, Amarillo.

Jan. 4, 2002.

Jon P. King, Dalhart, for appellant.

Greg Oelke, Dalhart, for appellee.

Robert Elliott, Dalhart, for ad litem.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

## ON JOINT MOTION TO REMAND AND STAY APPEAL

PER CURIAM.

Appellant Sharon Parson, natural mother of minor children Devin Ray Parson and Tevin Wayne Parson, presents this appeal from the April 27, 2001 judgment following a jury trial terminating her parental rights to her two minor children. Appellant filed her brief on November 21, 2001. Then, on December 20, 2001, appellant and The Texas Department of Protective and Regulatory Services filed a Joint Motion[1] to Remand to Trial Court and Stay Appeal Pending Trial Court Hearing and Ruling on Appellant's Motion for New Trial.[2] Movants cite *Hensley v. Salinas,* 583 S.W.2d 617 (Tex.1979), as support for their motion that we abate the appeal and remand the cause to the trial court for a hearing and ruling on appellant's motion for new trial. *Hensley* is not controlling because that appeal challenged an alleged agreed judgment, the Supreme Court reversed the decision of the Court of Civil Appeals and remanded the case to the trial court with instructions to conduct a hearing on the motion for new trial pursuant to former Rule 483 of the Texas Rules of Civil Procedure,[3] and the case was remanded to the trial court without abatement of the appeal.

1. Motion not approved by counsel for the minor children or by Alfred Vigil, Jr. or Dennis Love, whose rights were also terminated by the order.

2. The Texas Department of Protective and Regulatory Services does not concede or acknowledge error.

3. Rule 483 was repealed effective September 1, 1986.

Concluding that the motion in its present form must be overruled, it is so ordered. However, recognizing the potential problems presented by the current rules and the difficulty encountered by the parties desiring to settle their dispute during the pendency of an appeal, we overrule the motion without prejudice to the presentation of another motion taking into consideration the matters discussed in *Dunn v. Canadian Oil & Gas Services, Inc.*, 908 S.W.2d 323, 324 (Tex.App.-El Paso1995, no writ). In the absence of the submission of a new motion approved by counsel for all interested parties, the brief of the Texas Department of Protective and Regulatory Services shall be filed by February 1, 2002.

It is so **ORDERED**.