COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.  2-09-410-CV

 

 

JERREL NEYLAND                                                                APPELLANT

 

                                                   V.

 

JEANNE RAYMOND                                                                APPELLEE

 

                                              ------------

 

           FROM
THE 231ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

INTRODUCTION

Appellant
Jerrel Neyland appeals from a final decree divorcing him from appellee Jeanne
Raymond.  In three issues, Neyland argues
that the trial court abused its discretion by disproportionately dividing
community property in favor of his ex-wife, Raymond.  We affirm.

 

 








FACTUAL AND PROCEDURAL BACKGROUND

Neyland
and Raymond married in 1987.  Raymond
filed for divorce in July 2008, and the case came to trial on June 18,
2009.  The parties stipulated that they
had resolved nearly all issues between them and that the only matter remaining
for the court=s adjudication was the division
of the parties= retirement accounts and their
home in Burundi, Africa.  The parties
both represented to the court that there was no dispute concerning the values
of the retirement accounts.[1]  After hearing testimony from the parties
regarding the value of the Burundi home, the trial court signed a final divorce
decree awarding the retirement accounts to Raymond and the Burundi home to
Neyland.  Neyland filed a motion for new
trial, attaching new evidence that he claimed would show that the Burundi home
was nearly valueless and that the property division was therefore manifestly
unjust.  The trial court denied Neyland=s motion
for new trial, and he now appeals.

LAW AND APPLICATION TO FACTS

A.     Standard of Review








In a
divorce proceeding, the trial court is charged with dividing the community
estate in a Ajust and right@ manner,
considering the rights of both parties. 
Tex. Fam. Code Ann. ' 7.001
(Vernon 2006); Boyd v. Boyd, 131 S.W.3d 605, 610 (Tex. App.CFort
Worth 2004, no pet.).  Trial courts are
afforded wide discretion in dividing marital property upon divorce; therefore,
a trial court=s property division may not be
disturbed on appeal unless the complaining party demonstrates from evidence in
the record that the division was so unjust and unfair as to constitute an abuse
of discretion.  Jacobs v. Jacobs,
687 S.W.2d 731, 733 (Tex. 1985); Boyd, 131 S.W.3d at 610.

In a
trial to the court in which no findings of fact or conclusions of law are
filed, the trial court=s judgment implies all findings
of fact necessary to support it.  Pharo
v. Chambers County, 922 S.W.2d 945, 948 (Tex. 1996); In re Estate of
Rhea, 257 S.W.3d 787, 790 (Tex. App.CFort
Worth 2008, no pet.).  But when a
reporter=s record
is filed, these implied findings are not conclusive, and an appellant may
challenge them by raising issues challenging the sufficiency of the
evidence.  BMC Software Belg., N.V. v.
Marchand, 83 S.W.3d 789, 795 (Tex. 2002); Estate of Rhea, 257 S.W.3d
at 790.  In family law cases, however, the abuse of
discretion standard of review overlaps with the traditional sufficiency
standard of review; thus, legal and factual insufficiency are not independent
reversible grounds of error but are relevant factors in assessing whether the
trial court abused its discretion.  Boyd,
131 S.W.3d at 611.  








Accordingly, to
determine whether there has been an abuse of discretion because the evidence is
legally or factually insufficient to support the trial court=s decision, we
engage in a two‑pronged inquiry: 
(1) did the trial court have sufficient evidence upon which to exercise
its discretion, and (2) did the trial court err in its application of that
discretion?  Id.  The applicable sufficiency review comes into
play with regard to the first question.  Id.  We then proceed to determine whether, based
on the elicited evidence, the trial court made a reasonable decision.  Id.; see also Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241B42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986) (stating that, to determine whether a trial
court abused its discretion, we must decide whether the trial court acted
without reference to any guiding rules or principles; in other words, whether
the act was arbitrary or unreasonable).

B.      Sufficiency
of the Evidence       

Neyland addresses
the first prong of this inquiry in his first issue by arguing that the trial
court had insufficient evidence of the Burundi home=s value.  The record does not set forth the specific
dollar amount that the trial court found the Burundi home to be worth.  However, the trial court=s
judgment implies that it found the home to be sufficiently valuable that its
decision to award Neyland the home and Raymond a total of $30,553.08 in the
parties= three
retirement accounts was a just and right division of property.  See Pharo, 922 S.W.2d at 948; Estate
of Rhea, 257 S.W.3d at 790.








Anything
more than a scintilla of evidence is legally sufficient to support the trial
court=s
implied finding of the Burundi home=s
value.  See Cont=l Coffee
Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996); Leitch v.
Hornsby, 935 S.W.2d 114, 118 (Tex. 1996). 
When reviewing an assertion that the evidence is factually insufficient
to support the implied finding, we set aside the finding only if, after
considering and weighing all of the evidence in the record pertinent to that
finding, we determine that the evidence supporting the finding is so weak, or
so contrary to the overwhelming weight of all the evidence, that the answer
should be set aside and a new trial ordered.  Pool v. Ford Motor Co., 715 S.W.2d 629,
635 (Tex. 1986) (op. on reh=g); Garza
v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965); In re King=s Estate, 150
Tex. 662, 664, 244 S.W.2d 660, 661 (1951).  








         Raymond=s inventory listed
the current fair market value of the Burundi home as approximately $50,000 to
$70,000.  Neyland=s inventory listed
the current fair market value as Aunknown.@  At trial, Raymond testified that the home is
a Avery good high
quality house.@  It
is Aa big home@ located Ain the capital
where it=s like three
bedrooms and it is in cement and bricks.@  She explained that the house has Athree bedrooms and
then one living area and one dining area and then we have a patio attached to
it together, and it has three rooms and three bathrooms and then one room for
the keeper, the garden, you know.@  She added that the home had a garage and a
garden and that it sits on an acre of land in Burundi=s capital in Aa very nice area@ where government
ministers also live.  She testified that
$70,000 was an accurate value for the property. 
She also stated that Neyland had rented out the house after she and
Neyland had left Burundi.  She testified
that Neyland=s sister had Ahandled@ the business of
renting the house for them but that the sister had spent the rental money
instead of putting it in the bank for them.

Neyland, for his
part, testified that the home was worth only $150.  He said that he had built the house himself
twenty years ago but that it now had a Abig crack.@  He claimed that he was ready to tear down the
house, but he also testified that his mother and other family members were
living in the house and had been there Afor a long time.@  He said that his mother had to live in the
house because she had a back problem and living in the house was better for her
than living in the country.  

After reviewing
the testimony, we conclude that the trial court had sufficient evidence upon
which to exercise its discretion.  The parties= evidence on the
Burundi home=s value differed widely, but viewing it
under the appropriate standards of review, we hold that the parties= testimony
constituted sufficient evidence upon which the trial court could base its
property division. See Cont=l Coffee, 937
S.W.2d at 450; Leitch, 935 S.W.2d at 118; Pool, 715 at 635; Garza,
395 S.W.2d at 823.  We overrule Neyland=s first
issue.

 








C.     Reasonableness of the Trial Court=s
Exercise of Discretion

Neyland
argues in his second issue that the trial court abused its discretion by
awarding a disproportionate division of the parties=
propertyCAnearly
100%@Cto
Raymond.  Again, because the record does
not contain the trial court=s
finding with regard to the Burundi home=s value,
we cannot determine the relative percentages awarded to the respective
parties.  We can, however, infer that the
trial court found that it was sufficiently valuable so that the property
division was fair under the circumstances of this case.  See Pharo, 922 S.W.2d at 943; Estate
of Rhea, 257 S.W.3d at 790. 








Even if
we assume, as Neyland urges, that the trial court awarded Raymond a
disproportionately large share of the marital property, a disproportionate
award does not necessarily establish an abuse of discretion. A trial court may
award an unequal division of marital property when a reasonable basis exists
for doing so.  Loaiza v. Loaiza,
130 S.W.3d 894, 899 (Tex. App.CFort
Worth 2004, no pet.).  The court may
consider a variety of factors in evaluating the parties=
relative positions and crafting a fairCbut not
necessarily equalCdivision of property.[2]  The trial court did not have evidence before
it relating to most of these factors, but it did have Raymond=s
testimony that Neyland had rented out the house and that his sister had used
rental income from the home.  It also had
Neyland=s
testimony of the nature of the homeCthat he
had built the home himself, that his family had lived in the Burundi home Afor a
long time,@ and that his mother had stayed
there because of her bad back.

In light
of the trial court=s implied finding that the
Burundi home had a sufficient monetary value to render the property division
just and right, and in light of the testimony regarding Neyland=s family=s
longtime use of the home without any evidence of reimbursement to the community
estate, we hold that Neyland has not shown that the that the division
was so unjust and unfair as to constitute an abuse of discretion in this
case.  See Jacobs, 687 S.W.2d at
733; Boyd, 131 S.W.3d at 610.  We
overrule his second issue.

D.     Denial of Motion for New Trial








In his
third issue, Neyland argues that the trial court abused its discretion by
failing to hold a hearing on his motion for new trial and by denying his motion
in spite of the new evidence submitted with it. 
Whether
to grant a new trial based on newly discovered evidence is within the
discretion of the trial court.  Jackson
v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983), overruled in part on
other grounds by Moritz v. Preiss, 121 S.W.3d 715 (Tex. 2003); Marvelli
v. Alston, 100 S.W.3d 460, 483 (Tex. App.CFort Worth 2003,
pet. denied).  A party seeking a new
trial on the ground of newly discovered evidence must show that (1) the
evidence has come to light after trial, (2) it was not owing to want of due
diligence that the evidence did not come to light sooner, (3) the new evidence
is not cumulative, and (4) the evidence is so material that it would likely
produce a different result if a new trial were granted.  Marvelli, 100 S.W.3d at 483.  The due diligence requirement has not been
met if the same diligence used to obtain the evidence after trial would have
had the same result if exercised before trial. 
Hutson v. Tri‑County Properties, LLC, 240 S.W.3d 484, 491
(Tex. App.CFort Worth 2007, pet. denied).

Neyland=s motion for new
trial attached printouts from various internet websites regarding Burundi=s financial
condition, gross national product, and per capita income, as well as a currency
converter with the exchange rate between the Burundi franc and the United
States dollar.  Neyland=s motion does not
contain any contention that these printouts were unavailable at the time of
trial, so he has failed to satisfy the first requirement of obtaining a new
trial as to this evidence.  See
Marvelli, 100 S.W.3d at 483.








In addition to the
internet printouts, Neyland attached the deed to the Burundi property, a real
estate appraisal of the property, and photographs of the home.  Neyland claimed in his motion for new trial
that the deed had become available only after the trial court had heard the
evidence and that the real estate appraisal had been unobtainable prior to
trial.  He provides no further
explanation regarding why the evidence was not available before trial, and he
does not offer any evidence showing that he exercised due diligence in attempting
to procure this evidence sooner.  Moreover,
he testified at trial that Athe house in
Burundi, the value is almost zero.  I=m ready to bring
-- to do everything to present, Your Honor, until you see the house.@  He testified that he had called his sister to
find out the exchange rate, and he told the court, AI can call my
sister to take the picture of the house.@   

Neyland=s motion for new
trial does not explain why he could not have already called his sister or
otherwise obtained the new evidence before the date of trial.  Neyland has therefore failed to demonstrate that
it was not owing to want of due diligence that the evidence did not come his
attention sooner.  See Hutson, 240
S.W.3d at 491; Marvelli, 100 S.W.3d at 483.  We hold that the trial court did not abuse
its discretion by denying Neyland=s motion for new
trial.  See Jackson, 660 S.W.2d at
809; Marvelli, 100 S.W.3d at 483. 








Neyland also
complains that the trial court abused its discretion by failing to hold a
hearing on his motion for new trial. 
Citing Hensley v. Salinas, 583 S.W.2d 617, 618 (Tex. 1979),
Neyland asserts that when a party files a motion for new trial with a sworn
affidavit on the grounds of newly discovered evidence, the trial court must
hold a hearing to receive the evidence. But Hensley does not require a
hearing on every motion for new trial that claims newly discovered
evidence; it states only that Awhen a motion
presents a question of fact upon which evidence must be heard, the trial court
is obligated to hear such evidence when the Motion for New Trial alleges facts,
which if true, would entitle the movant to a new trial and when a hearing for
such purpose is properly requested.@  Id. 
Here, Neyland=s motion contained no showing of due
diligence and therefore raised no question of fact regarding his entitlement to
a new trial.  Accordingly, the trial
court was not required to hold a hearing on his motion, and it therefore did
not abuse its discretion by ruling on the motion without a hearing.  We overrule Neyland=s third issue.

CONCLUSION

Having overruled
Neyland=s three issues, we
affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  GARDNER and MCCOY, JJ.;
and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

 

DELIVERED: August 31, 2010











[1]According to Raymond=s inventory filed with
the trial court, the value of her 401(k) plan was $3,567.96, and the value of
her 403(k) plan was $4,061.16.  Neyland=s inventory reported the
value of his retirement account as $22,923.96. 





[2]These factors include the
spouses= capacities and
abilities, benefits that the party not at fault would have derived from
continuation of the marriage, business opportunities, education, relative
physical conditions, relative financial condition and obligations, size of the
separate estates, and the nature of the property.  See Schlueter v. Schlueter, 975 S.W.2d
584, 588 (Tex. 1998); Murff v. Murff, 615 S.W.2d 696, 699 (Tex. 1981). Other factors that the trial court
may consider are fraud on the community, wasting of community assets, child
custody, and fault in the breakup of the marriage.  Schaban‑Maurer v. Maurer‑Schaban, 238 S.W.3d 815, 820B21 (Tex. App.CFort Worth 2007, no
pet.).