

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00015-CV

_____

IN THE INTEREST OF M.B.D., A CHILD

On Appeal from the 76th Judicial District Court
Morris County, Texas
Trial Court No. 23,380

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

In this appeal we address whether the trial court erred in failing to admit evidence at a hearing on a motion for new trial following the trial court's order on conservatorship and child support. We find that facts were alleged which, if true, would have entitled appellant mother to a new trial, and therefore the trial court was obligated to hear evidence. We reverse the trial court's judgment and remand for an evidentiary hearing on the mother's new trial motion.

## I.  Background

Sarah, the child the subject of this suit in the trial court, was born to Jennifer and Thomas[1] in January 2006. In August 2009 the parents reached an agreement as to conservatorship and child support, and dictated this agreement into the record before the trial court. The trial court accepted the agreement, declared it in Sarah's best interest, and pronounced the agreement to be the order of the court. A written order was not signed until November 30, 2009. On appeal, mother raises four points of error: the first two challenge the trial court's order on conservatorship and father's right to determine the child's primary residence. Her third point complains of not being allowed to present evidence at the hearing on her motion for new trial; the fourth point addresses differences between the agreement dictated into the record and the trial court's written order. Our resolution of the third point, regarding evidence at the new trial hearing, is dispositive of the appeal.

---

[1]Pseudonyms have been used for the parents and child to protect the child's identity and privacy. We will refer to the parties simply as "mother" and "father."

Since March 2007, these parties have been litigating conservatorship of their child. An agreed temporary order was entered March 12, 2007, naming them as joint managing conservators. Father filed a petition to modify the temporary order. A lengthy hearing was conducted in February 2008 and another temporary order was entered March 3, 2008, appointing the parents as joint managing conservators with father having the right to designate the primary residence of the child. A very brief final hearing was conducted August 26, 2009, at which time the parties dictated into the record an agreement which the trial court approved and adopted as the court's order "here in open court." A final order, approved as to substance and form by both mother and father, was entered November 30, 2009. While the temporary hearings were detailed and contained evidence about both parties, the live evidence at the final hearing consists only of seven reported pages, including the trial court's comments. The parties agreed this "final order" would appoint them as joint managing conservators; mother would have visitation pursuant to the standard possession order.[2] Both parents testified before the trial court they believed the agreement to be in the child's best interest; they each agreed to the terms and wanted the trial court to approve the agreement. The trial court approved the parties' agreement and found it to be in the child's best interest.

A few days before the final written order was entered, mother filed motions in the trial court attempting to withdraw her consent to the agreement "read into the record on August 26, 2009 . . . ." On November 30, 2009, the trial court signed a written order which was approved in

---

[2]*See* TEX. FAM. CODE ANN. §§ 153.311–.317 (Vernon 2008 & Vernon Supp. 2010).

form and substance by both parents; the order was file-stamped December 2, 2009. On December 30, 2009, mother filed a motion for new trial.

## II.     Lack of Evidence at Final Hearing

Mother's first two points of error allege the trial court erred in appointing the father as a joint managing conservator and as the conservator with the right to determine the primary residence of the child. The basis for these arguments is Section 153.004 of the Texas Family Code, which prohibits the appointment of joint managing conservators if credible evidence is presented of a history by one parent of child neglect, physical or sexual abuse against the other parent or a child. TEX. FAM. CODE ANN. § 153.004(b) (Vernon 2008). Mother cites evidence that was introduced at the temporary hearings as the "credible evidence" of a history of sexual abuse by father against mother since they began their sexual relationship when she was fourteen and he was approximately twenty years of age. At the final hearing no such evidence was presented; the evidence from the hearings for temporary orders could neither be considered by the trial court in reaching its final orders, nor by this Court on reviewing the final order. *May v. May*, 829 S.W.2d 373, 376 (Tex. App.—Corpus Christi 1992, writ denied); *see also Davis v. State*, 293 S.W.3d 794 (Tex. App.—Waco 2009, no pet.). Consequently, there is no evidence to support mother's arguments that father was disqualified as a joint managing conservator; we overrule points one and two.

4

## III.     The Motion for New Trial

Mother's motion for new trial alleged that her assent to the conservatorship agreement was obtained via undue influence and that she entered the agreement under duress.   She claimed that because she and Father had been engaged in a sexual relationship beginning when she was fourteen years old and Father was twenty, this "prohibited sexual relationship[3] placed undue influence on [mother] due to [father's] control and restraint on [mother's] free will."   Attached to the motion for new trial was an affidavit in which mother detailed the sexual relationship with father.   She also makes rather general allusions to father having acted to "control" her throughout the relationship, such as when he pressured her to have sex or to drop out of school; regarding the date the agreement between the parties was reached, mother's affidavit claimed her attorney told her she "did not have a chance of getting custody," would be lucky to get standard visitation, and could get less if she did not accept the offered settlement.   The affidavit goes on to say that she was ill after returning home from the hearing which ended in the agreement, and that she felt panicked, confused, and without alternatives.   Another broad statement asserts, "[Father] was always trying to control every aspect of my life and this was just another example."

At the hearing on the motion for new trial, mother continued to argue that pressure had been brought to bear upon her to consent to the parties' agreement.   The trial court denied her request to present testimony from a psychologist about her suffering from post-traumatic stress as a result of her under-age relationship with father.   Mother also offered, but the trial court declined

---

[3]*See* TEX. PENAL CODE ANN. § 22.011 (Vernon Supp. 2010).

to admit, a written statement which mirrored the history and allegations in the motion for new trial's affidavit. The statement was, though, accepted into the record as an offer of proof. No testimony was presented at the new trial hearing, just argument from counsel.[4] Near the end of his arguments, mother's counsel made the following statement: "The Family Code has provisions in it that are supposed to prevent us from putting a child with a child sexual abuser, but that's what has been -- what has happened, unwittingly, in this case. We're not supposed to do that . . . ."

During the motion for new trial hearing, mother's attorney stated that mother started having sex with father when she was fourteen and he was nearly twenty-one and that mother had been a victim of rape for years and requested that mother be allowed to present evidence. About two weeks later, mother filed a brief in support of her motion for new trial, and for the first time specifically cited Section 153.004(b) of the Texas Family Code:

> (b) The court may not appoint joint managing conservators if credible evidence is presented of a history or pattern of past or present child neglect, or physical or sexual abuse by one parent directed against the other parent, a spouse, or a child, including a sexual assault in violation of Section 22.011 or 22.021, Penal Code, that results in the other parent becoming pregnant with the child. A history of sexual abuse includes a sexual assault that results in the other parent becoming pregnant with the child, regardless of the prior relationship of the parents. It is a rebuttable presumption that the appointment of a parent as the sole managing conservator of a child or as the conservator who has the exclusive right to determine the primary residence of a child is not in the best interest of the child if credible evidence is presented of a history or pattern of past or present child

---

[4]Exhibits entered as evidence consisted of copies of three cases, generally concerning the law on mother's allegations of undue influence; and a psychological assessment of mother, which had already been made a part of the trial court's file ten days before the agreement was entered, in August 2009.

6

neglect, or physical or sexual abuse by that parent directed against the other parent, a spouse, or a child.

TEX. FAM. CODE ANN. § 153.004(b). Although mother initially argued for a new trial based on her claim of undue influence and duress, a necessary predicate of this argument was the sexual relationship between her and father which occurred when mother was a child as defined in the Texas Penal Code and father was an adult.[5]

The above-cited subsection of the Texas Family Code, precluding a perpetrator of domestic violence or a sexual abuser, in certain delineated circumstances, from being named joint managing conservator of a child, appears to be mandatory. At least two of our sister courts have treated it as such. In *Garner v. Garner*, 200 S.W.3d 303, 310–11 (Tex. App.—Dallas 2006, no pet.), *disapproved on other grounds by Iliff v. Iliff*, No. 09-0753, 2011 Tex. LEXIS 292 (Tex. Apr. 15, 2011), the trial court made a finding of physical abuse by the father against the mother; accordingly, the statute prohibited appointing him joint managing conservator. Also, in *In re Marriage of Stein*, 153 S.W.3d 485, 489 (Tex. App.—Amarillo 2004, no pet.), the acts of physical abuse were either conceded by the parties or revealed by other uncontradicted testimony. Thus as a matter of law, credible evidence had been presented of physical abuse by one parent against the other and it was an abuse of discretion to appoint the parents joint managing conservators. Finally, the statute's language is mandatory: "The court may not appoint joint managing

---

[5]Although we cannot consider evidence from the temporary hearing, the father's attorney during the motion for new trial hearing argued that the parties had litigated "how this child was born" at a temporary hearing and mother did not bring it up "until my client filed for custody about my client raping her and all that."

conservators if credible evidence is presented. . . ." This raises the question of whether the trial court was presented with credible evidence of one of the situations which would preclude appointment of joint managing conservators. Although only admitted as an offer of proof, the trial court was presented with a written statement from mother (albeit unsworn) alleging in detail a sexual relationship which amounted to sexual assault of a child as defined by the Texas Penal Code. Also, the unsworn statement admitted as an offer of proof at the new trial hearing closely mirrored the allegations and history detailed in mother's sworn affidavit, attached to the initial motion for new trial. And near the end of the new trial hearing, mother's attorney did ask to put mother on the stand to testify.

Thus, mother presented the trial court with a summary of evidence which, if developed through testimony or other admissible evidence, could have amounted to credible evidence that father had engaged in sexual assault of mother. "When a motion presents a question of fact upon which evidence must be heard, the trial court is obligated to hear such evidence when the Motion for New Trial alleges facts, which if true, would entitle the movant to a new trial and when a hearing for such purpose is properly requested." *Hensley v. Salinas*, 583 S.W.2d 617, 618 (Tex. 1979). In *Hensley*, the trial court failed to hold a hearing on the movant's motion for new trial, despite repeated requests. Here, the trial court did conduct a hearing, but declined to hear testimony or evidence. Counsel for mother pointed out at the hearing the Texas Family Code's provision for preventing a child from being placed "with a child sexual abuser" and did accurately

8

cite the statutory provision in a subsequent brief, which was filed at the invitation of the trial court. The evidence proffered by mother presented a factual question—whether father engaged in a sexual relationship with mother which would have constituted sexual assault of a child—which, if true, would have entitled mother to a new trial (i.e., the trial court was precluded as a matter of law from naming father as a joint managing conservator). The trial court was, therefore, obligated to hear evidence and make a finding on the question of fact. *Id.*

## IV. Deviation in Final Order

Finally, mother argues in her fourth point that the final order deviated from the agreement entered in open court. The agreement recited in open court was extremely brief whereas the written judgment is a detailed thirty-two-page document signed and approved by both parties and their attorneys. No argument is made that the signed and approved final order was not the agreement of the parties. We overrule mother's fourth point of error.

## V. Conclusion

A judgment may be reversed only if the error (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals. TEX. R. APP. P. 44.1(A)(1)(2). In this instance we have found the error to be failing to allow the mother to testify at the motion for new trial hearing. We find this error probably prevented the appellant from properly presenting her case to the court of appeals. We

9

reverse the judgment and remand the proceeding to the trial court to conduct an evidentiary hearing on mother's motion for new trial.

                                        Jack Carter
                                        Carter

Date Submitted:     April 12, 2011
Date Decided:       May 6, 2011