**Affirmed; Memorandum Opinion filed May 28, 2026.**



In The

# Fifteenth Court of Appeals

### NO. 15-25-00042-CV

**THE STATE OF TEXAS, THE CITY OF EL PASO, TEXAS, THE TRANSIT AUTHORITY OF EL PASO CTD, TEXAS, AND THE COUNTY OF EL PASO, TEXAS, Appellants**

**V.**

**JONATHAN ALVIDRES RUIZ, Appellee**

**On Appeal from the 459th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-24-009288**

### MEMORANDUM OPINION

The State of Texas and local taxing authorities in El Paso (collectively, the State) sued Jonathan Ruiz to collect unpaid sales and use taxes, penalties, and interest. The trial court rendered judgment in favor of the State for sales and use tax but rendered a take-nothing judgment on the State's claim for attorneys' fees and court costs. It also denied the State's motion for new trial on the issue of attorneys' fees. The State appealed these rulings. We affirm the trial court's judgment.

# BACKGROUND

The State sued Ruiz for delinquent sales and use tax, plus applicable penalties and interest. Ruiz never answered the lawsuit, and the State sought default judgment. On submission of the State's motion for default judgment, the trial court rendered judgment for the State for the sales tax, penalties, and interest, but specifically denied the State's request for attorneys' fees by striking through the attorneys' fees and court costs on the State's proposed order. The State then filed a motion for new trial on attorneys' fees, which the trial court denied by written order without a hearing. The State then filed this appeal. Like in the trial court, Ruiz did not respond to the State's appeal.

# STANDARD OF REVIEW

A party seeking attorneys' fees "bears the burden of providing sufficient evidence" that the requested fees are both necessary and reasonable. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019). The amount of attorneys' fees awarded by the trial court is a matter subject to review under an abuse of discretion standard. *Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004). The trial court abuses its discretion if it awards attorneys' fees without legally and factually sufficient evidence that the fees were reasonable and necessary. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)

In determining whether the evidence is legally sufficient, we must consider evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). When conducting our analysis, we must credit favorable evidence if a reasonable fact finder could, and disregard contrary evidence unless a reasonable fact finder could not. *Id.* at 827. We must determine whether the evidence would enable a reasonable, fair-minded fact finder to find the facts at issue.

2

*Id.*  When reviewing a challenge to the factual sufficiency of the evidence, we examine the entire record, considering both the evidence in favor of, and contrary to, the challenged finding.  *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).  After considering all the evidence, we will set aside the fact finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  *Id.*

"Sufficient evidence [of attorneys' fees] includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services."  *Rohrmoos Venture*, 578 S.W.3d at 498.  Obtaining such evidence requires "itemizing specific tasks" and "the time required for those tasks."  *Id.* at 495 (quoting *City of Laredo v. Montano*, 414 S.W.3d 731, 736 (Tex. 2013) (per curiam)).  The fees incurred or contracted for do not themselves establish reasonableness or necessity.  *Id.*

## ANALYSIS

In Texas, each party must pay its own attorneys' fees as a general rule.  *Id.* at 483.  However, in some circumstances, such as when authorized by statute or contract, a prevailing party may recover fees from the opposing party.  *Id.* at 484.  In two issues on appeal, the State contends the trial court erred in failing to award attorneys' fees because the statute under which it recovered makes recovery of fees mandatory and because the State pleaded and proved it is entitled to fees.  The State also contends that the trial court violated its right to due process by failing to hold a hearing or trial on its request for attorneys' fees.

The State spends much of its briefing arguing that the statute under which it pursued relief, Section 2107.006 of the Texas Government Code, makes an award of attorneys' fees mandatory.  For purposes of this appeal, we will assume without

3

deciding that the State is correct in this argument, because even if it is correct, that does not lead us to grant the State relief. Simply because a statute makes an award of fees mandatory does not excuse a party's failure to provide sufficient evidence to the trial court to support that award.

A mandatory fee-shifting statute does not completely take away a trial court's discretion when awarding fees. A party seeking fees must still prove that the amount of fees sought are reasonable and necessary. *Rohrmoos Venture*, 578 S.W.3d at 484 ("When fee-shifting is authorized, whether by statute or contract, the party seeking a fee award must prove the reasonableness and necessity of the requested attorney's fees."); *see also Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015) (noting that fees are mandatory under Texas Civil Practice and Remedies Code Section 38.001 if there is proof of reasonableness of fees). Here, the State provided insufficient evidence that the fees it sought were either reasonable or necessary.

The State's evidence in support of fees is inadequate. The attorney for the State filed an unsworn declaration in support of attorneys' fees, which, after proving up its records and introducing the attorney, stated

> The timekeeping reports show that the following attorneys, legal assistants, and investigators worked the number of hours shown, with partial hours recorded in quarter-hour increments (e.g., 1.25 hours for 1 hour and 15 minutes). Taking into consideration the amount in controversy in this case, the court wherein this case is pending, the nature of the case, the qualifications and years of experience for each person who worked on the case named below, it is my opinion that the hourly rate stated for each person who worked on the case named below is reasonable.

The declaration then listed three employees (two attorneys and one investigator), their hourly rate, and the number of hours worked. The declaration concluded by stating

4

As such, it is my opinion that the sum of $1,268.75 represents an award for attorney fees pursuant to Sections 402.006(c) and 2107.006 of the Texas Government Code that is both reasonable and necessary in this case.

The affidavit provided no opinion on why the time spent by each attorney or investigator who worked on the file was reasonable or necessary, other than stating in conclusory fashion that the sum of the fees is both "reasonable and necessary in this case." The only other proof submitted in support of fees was a one-page report of time entries by each person listed. The report is no additional help to the claim for fees. In one entry, for the Investigator VI, for example, there are two time entries each with the unremarkable description "Investigation Work." These entries do not illuminate in any way, shape, or form what investigative work was done, why it took the time it did, or why the amount of time spent was reasonable or necessary.

Without additional information in the affidavit explaining why such fees, as well as the fees generated by the attorneys, are reasonable or necessary, the affidavit and its attachment are no better than the "[g]eneral, conclusory testimony" that is "devoid of any real substance" found legally insufficient to support an award of attorneys' fees in *Rohrmoos*. 578 S.W.3d at 501–02. The fees incurred or contracted for do not themselves establish reasonableness or necessity. *Id.* at 495. In light of the insufficient proof of attorneys' fees presented to it, the trial court was well within its discretion to deny fees.

The State also complains that because the trial court decided to deny fees in its judgment and again in response to its motion for rehearing without holding a live hearing, its due process rights were violated. We disagree. The State of Texas and its subdivisions have no constitutional right to due process. *Honors Academy, Inc. v. Tex. Educ. Agency*, 555 S.W.3d 54, 65 (Tex. 2018); *see also Collier v. Poe*, 732 S.W.2d 332, 334 (Tex. Crim. App. 1987) (concluding that "neither the State nor any

5

agency of the State is entitled to due process of law"). This fact could end our inquiry, but we will continue with our review of the State's argument to decide whether the trial court abused its discretion, rather than through the lens of whether the State's non-existent constitutional right was violated.

According to the State's briefing and its motion for new trial, it submitted its motion for default judgment under Travis County's Standing Order for Submission Procedures in Civil and Family Cases. We take judicial notice of this Standing Order, which provides a means for parties to submit motions that do not require a hearing.[1] The State chose to submit its motion for default judgment under the Standing Order, expressly disclaiming the need for a hearing by doing so and requesting that its motion be ruled on by submission. By submitting its motion under the Standing Order, the State understood that the trial court would rule on its motion as presented in writing. It cannot now, having invoked this procedure, complain of the trial court's acceptance of its request.[2] The State certainly had notice that the trial court would rule on its motion given its request that it do so. And, we know the trial court ruled on the State's submission, as the State requested; in fact, the trial court crossed out by hand the award of fees in the proposed order the State included in its submission. But, according to the State, the trial court had a duty to inform it if its proof was inadequate. We disagree.

As discussed above, even if a plaintiff proceeds under a statute that makes attorneys' fees mandatory, a plaintiff is still required to prove up its attorneys' fees

---

[1] Travis County's Standing Order for Submission Procedures in Civil and Family Cases can be accessed at https://topics.txcourts.gov/LocalRulesPublic/PreviewAttachment/636.

[2] In its brief, the State faults the trial court for ruling on its motion for default judgment without a hearing because its fee request amounts to unliquidated damages; yet the State's own filing provides that "Plaintiffs' damages against Defendant are fully liquidated." In addition, the Standing Order under which the State submitted its motion required the filing party to determine whether the matter submitted required testimony and, therefore, a hearing, and to proceed under the Standing Order only if no hearing was required.

with sufficient evidence. *Rohrmoos Venture*, 578 S.W.3d at 484. This is not a case, as the State suggests, where there was some evidence of a type of damages, but the trial court rendered a take-nothing judgment anyway; rather, this situation is one where the Texas Supreme Court in *Rohrmoos* has held that the very type of insufficient proof provided to the trial court by the State amounts to no evidence of fees. *Id.* at 505 ("We conclude that Howard's testimony is legally insufficient to support the attorney's fee award."). The State did not provide the trial court with legally sufficient evidence of its fees, and the trial court had no duty to correct the State's lack of proof.

The State also contends the trial court had an obligation to hold a hearing on its motion for new trial. Again, we disagree. The law is well-established in Texas that there is no right to a hearing on a motion for new trial in a civil case except in limited circumstances. *See Hensley v. Salinas*, 583 S.W.2d 617, 618 (Tex. 1979) (per curiam). In *Hensley*, the Texas Supreme Court wrote that "when a motion presents a question of fact upon which evidence must be heard, the trial court is obligated to hear such evidence when the Motion for New Trial alleges facts, which if true, would entitle the movant to a new trial and when a hearing for such purpose is properly requested." *Id.*; *see also Neyland v. Raymond*, 324 S.W.3d 646, 652–53 (Tex. App.—Fort Worth 2010, no pet.) (holding same).[3]

Here, the State alleged no new facts in its motion for new trial and certainly no facts that would entitle it to relief. And there is no evidence in the record that the State ever requested a hearing on its motion. The trial court considered the motion and denied it by written order. Under these facts, the trial court was within its discretion to deny the State's motion without a hearing.

---

[3] Another exception is when there has been an allegation of juror misconduct, an exception not at issue here. *See* Tex. R. Civ. P. 327.

## CONCLUSION

Having concluded that the trial court did not abuse its discretion, we affirm the trial court's judgment.

/s/ Scott K. Field
Scott K. Field
Justice

Before Chief Justice Brister and Justices Field and Farris.