FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/14/2015 12:29:57 PM

CHRISTOPHER A. PRINE
Clerk

# TAB 33



FILED
10/2/2014 6:05:58 PM
Stan Stanart
County Clerk
Harris County

Cause No. 427208

| | | |
|---|---|---|
| IN THE GUARDIANSHIP OF | § | IN THE PROBATE COURT |
| RUBY S. PETERSON, | § | NUMBER ONE (1) OF |
| AN INCAPACITATED PERSON | § | HARRIS COUNTY, TEXAS |

### FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, W. Russ Jones, acting in his capacity as Attorney Ad Litem for Mrs. Ruby S. Peterson, having been duly appointed as such by Judge Loyd H. Wright on February 25, 2014, pursuant to Texas Estates Code Section 1054.001, and enters an appearance on behalf of the proposed ward and respectfully shows unto the Court the following:

### I. General Denial

The proposed ward generally denies each of the material allegations set forth in the application for guardianship, and demands strict proof thereof by clear and convincing evidence.

### II. Lesser Restrictive Alternatives

Proposed ward has valid general durable and medical powers of attorney which have been in place and functioning for many years. As such, there is no need for guardianship protection, given the existence and functionality of these lesser restrictive alternatives to guardianship.

### III. DEFENSES

1.      NO FALSE IMPRISONMENT: Ruby Peterson is not being, and has not been, falsely imprisoned at the Silverado Senior Living Center-Sugar Land because Mrs. Peterson consented (by valid Durable Medical Power of Attorney executed in 1993) for health care decisions to be made on her behalf by Carol Ann Manley and David Troy Peterson in the event that she should

Silverado Appx. 0177

become physically or mentally incapable of making such decisions for herself. One of the reasons for the Durable Medical Power of Attorney was to avoid the need for a guardianship of her person through the creation of a lesser restrictive alternative to guardianship. Further, the decision that Mrs. Peterson be admitted to a secured memory care facility for her safety and protection was not made solely at the whim or discretion of Mrs. Peterson's health care agents; rather, it was based on the professional medical recommendations and advice of Mrs. Peterson's treating physicians. Thus, residential placement at Silverado was pursuant to legal authority and justification which Ruby Peterson had expressly conferred upon Carol Ann Manley and David Troy Peterson in 1993.

2. NO VALID REVOCATION OF DURABLE POWER OF ATTORNEY: Ruby Peterson did not execute a valid revocation of the 1993 Durable Medical Power of Attorney on November 15, 2013 because the purported but denied revocation was not made orally or in writing by Mrs. Peterson, in her capacity as Principal, to Carol Ann Manley or to David Troy Peterson, in their capacity as Agents. Rather, it was the product of secretive acts of undue influence which Mackey Glen Peterson and Don Leslie Peterson perpetrated upon Ruby Peterson, who they knew was susceptible to manipulation and lacking in mental capacity secondary to moderate dementia with severe cognitive impairment as a result. Additionally, the purported but denied revocation of durable medical power of attorney is invalid because Mrs. Peterson never manifested any specific intent to revoke the healthcare decision-making authority of Carol Ann Manley or David Troy Peterson whom she trusts, admires and adores. Mrs. Peterson only manifested an intent to sign some papers (any papers) so that she could leave Silverado and return to her home in Baytown, Texas (a prior home which no longer exists). This limited and legally insufficient intent was the direct result of Undue Influence exerted upon Mrs. Peterson by Mackey Glen Peterson, Don

Silverado Appx. 0178

Leslie Peterson and their wives who knew that Ruby Peterson was susceptible to manipulation and who they knew would sign ANYTHING if she could go home to Baytown (a home which no longer exists). The Plaintiffs' undue influence subverted the will of Mrs. Peterson making the document execution their act, not hers, and influenced her to do that which she would not otherwise have done. The November 15, 2013 document executions took place in secrecy, without notice to Carol Ann Manley or David Troy Peterson because Plaintiffs knew that if Carol Ann and David were present and permitted to explain *the consequences* of her actions, Mrs. Peterson would not have signed the new power of attorney and purported revocation of durable power of attorney. Furthermore, Plaintiffs *acted in bad faith* because they had been advised more than 40 days prior to November 15, 2013 that Mrs. Peterson suffered from dementia, was extremely susceptible to manipulation, and, most importantly, that she lacked sufficient mental capacity to manage her financial or other affairs.

3.     NO ASSAULT AND BATTERY: Ruby Peterson did not suffer an "assault and battery" by being administered doctor-prescribed medications against her will. By virtue of the 1993 Durable Medical Power of Attorney, Ruby Peterson, as Principal, consented to healthcare decision-making on her behalf by Carol Ann Manley and David Troy Peterson, as her authorized agents. Knowing, after full disclosure, that Ruby Peterson's prescriptive medications were medically necessary for the proper care and treatment of her anxiety disorder, depression, degenerative joint disease, degenerative arthritis, dementia and other medical conditions, and having Ruby Peterson's express consent to make medical decisions on her behalf (including the right to consent to medical or psychiatric care and treatment), Defendants Manley and Peterson consented on their mother's behalf to the administration of prescriptive medications and vitamin supplements which Ruby's treating physicians prescribed for the proper and treatment of her

Silverado Appx. 0179

conditions. Consent is an affirmative defense to assault and battery. Effective consent includes consent by a personal legally authorized to act on behalf of the alleged victim of an assault. See Tex. Pen. Code Section 1.07(a)(19). Consent is also a defense to an assault if the Defendants' conduct did not threaten or inflict serious bodily injury. See Tex. Pen. Code Section 22.06. Based on the above, there was no "assault and battery" with respect to medication administration, with respect to assistance with showering Ruby Peterson, etc. Defendants were authorized to consent to such care on behalf of Ruby Peterson, and Ruby suffered no bodily injury as a result thereof.

4.      LACK OF STANDING & SUBJECT MATTER JURISDICTION: Plaintiffs Mackey Glen Peterson, Don Leslie Peterson and Lonny Peterson lack legal standing to sue for False Imprisonment, Assault and Battery, Breach of Fiduciary Duty, Conversion, Conspiracy, Invasion of Privacy, Intentional Infliction of Emotional Distress or any other state or federal cause of action on behalf of Ruby Peterson. Ruby Peterson had been diagnosed *with Dementia* by (1) Federico Dancel,M.D.[1]; (2) Saeed Kahkeshani, M.D.[2]; (3) Samiran K. Das, M.D.[3]; (4) Salah U.

---

[1]     Board Certified Internist and Ruby Peterson's long time primary care physician.

[2]     Board Certified Neurologist who diagnosed Ruby with dementia in approximately June of 2013.

[3]     Board Certified Internist who diagnosed Ruby with dementia at the Pasadena Bayshore Hospital Adult Psychiatric Unit in approximately August 2013.

Qureshi, M.D.[4]; (5) Suleman Lalani, M.D.[5]; and (6) Christopher O. Merkl, M.D.[6] *prior to* November 15, 2013 when Plaintiffs manipulated Ruby Peterson (through the secretive exercise of Undue Influence) into signing a *purported but denied* revocation of durable power of attorney and *purported but denied* new statutory durable power of attorney which, predictably, replaced Defendants Carol Ann Manley and David Troy Peterson with Plaintiffs Mackey Glen Peterson and Don Leslie Peterson as the purported agents of Ruby Peterson.

Ruby Peterson lacked the requisite mental capacity to execute new disability planning documents on November 15, 2013 (since she was already mentally incapacitated and had been for approximately a year prior by that time). *Plaintiffs acted in bad faith* because they were informed, in writing, on October 4, 2013 by Board Certified Geriatric Psychiatrist Christopher O. Merkl, M.D. that Ruby Peterson *had dementia, was susceptible to manipulation, and lacked the requisite mental capacity to manage her financial or other affairs.* Ruby Peterson's authorized agents for both financial and personal/healthcare decision-making remain Defendant Carol Ann Manley and David Troy Peterson.

As such, Plaintiffs Mackey Glen Peterson, Don Leslie Peterson and Lonny Peterson have no legal standing to bring *any* causes of action on behalf of Ruby Peterson. Under Texas law, standing is a necessary component of subject matter jurisdiction. Since Plaintiffs lack standing to sue on behalf of Ruby Peterson, their claims must be dismissed for a want of subject matter

---

[4] Board Certified Geriatric Psychiatrist who diagnosed Ruby with dementia at the Pasadena Bayshore Hospital Adult Psychiatric Unit in August of 2013.

[5] Board Certified Internist, Board Certified Geriatric physician and Ruby Peterson's attending physician at the Silverado Senior Living Facility who diagnosed Ruby with dementia in approximately September of 2013.

[6] Board Certified Geriatric Psychiatrist and treating physician who diagnosed Ruby Peterson with dementia in October of 2013.

jurisdiction.

WHEREFORE, PREMISES CONSIDERED, Proposed Ward RUBY S. PETERSON, respectfully prays that the Plaintiffs Mackey Glen Peterson, Don Leslie Peterson and Lonny Peterson take nothing by reason of this suit; that costs including, without limitation, all court appointees' fees and expenses, be adjudged against the Plaintiffs; and that she go hence without day.

Respectfully submitted,

**UNDERWOOD, JONES, SCHERRER & MALOUF, P.L.L.C.**

By:_____
W. RUSS JONES
State Bar No. 10968050
5177 Richmond Avenue, Suite 505
Houston, Texas 77056
(713) 552-1144
(713) 781-4448 facsimile
rjones@ujsmlaw.com

**ATTORNEY AD LITEM FOR RUBY S. PETERSON, PROPOSED WARD**

Silverado Appx. 0182

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to:

Sarah Patel Pacheco
Kathleen Tanner Beduze
Crain, Caton & James, P.C.
1401 McKinney, Suite 1700
Houston, Texas 77010

Candice Schwager
1417 Ramada Drive
Houston, Texas 77062

Philip M. Ross
1006 Holbrook Road
San Antonio, Texas 78218

Josh K. Davis
Lewis, Brisbois, Bisgaard & Smith, L.L.P.
Weslayan Tower, Suite 1400
24 Greenway Plaza
Houston, Texas 77046

by facsimile and/or e-file on the 2nd day of October, 2014.

W. RUSS JONES

Silverado Appx. 0183

No. 1-15-586-CV 3128

TAB 34



DATA-ENTRY
PICK UP THIS DATE

**PROBATE COURT 1**

NO. 427,208

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF | § | IN THE PROBATE COURT |
| | § | |
| RUBY PETERSON, | § | NUMBER ONE |
| | § | |
| PROPOSED WARD | § | HARRIS COUNTY, TEXAS |

CAUSE NO. 2014-40980

| | | |
|---|---|---|
| MACKEY ("MACK") GLEN PETERSON, | § | IN THE DISTRICT COURT |
| PETERSON, Individually, Next Friend | § | |
| of RUBY PETERSON, DON LESLIE | § | |
| PETERSON, Individually and as Next | § | |
| Friend, of RUBY PETERSON, and | § | |
| LONNY PETERSON, Individually and | § | |
| Next Friend of RUBY S. PETERSON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CAROL ANNE MANLEY, | § | |
| DAVID PETERSON, SILVERADO | § | |
| SENIOR LIVING CARE FACILITY, | § | |
| TANA MCMILLON, | § | |
| LINDA LAVINSON, DR. REBECCA | § | |
| CLEARMAN, DR. CHRIS MERKL | § | |
| Defendants. | § | 129TH JUDICIAL DISTRICT |

**NOTICE OF NONSUIT OF TANA MCMILLON, LINDA LAVINSON,
DR. REBECCA CLEARMAN AND DR. CHRIS MERKL**

1

Silverado Appx. 0184

No. 1-15-586-CV **3211**

NOW COME, MACKEY GLEN PETERSON, LONNY PETERSON, and DON LESLIE PETERSON, Individually and as Next Friends of RUBY PETERSON ("Plaintiffs"), and file this Notice of Nonsuit of Tana McMillon, Linda Lavinson, Dr. Rebecca Clearman and Dr. Chris Merkl, and in support would show the Court as follows:

Plaintiffs hereby give notice that they have decided to nonsuit their claims against the individual Defendants Tana McMillon, Linda Lavinson, Dr. Rebecca Clearman and Dr. Chris Merkl.

<u>PRAYER</u>

WHEREFORE, Plaintiffs request the Court to take notice of the nonsuit of the individual Defendants Tana McMillon, Linda Lavinson, Dr. Rebecca Clearman and Dr. Chris Merkl. Plaintiffs respectfully request that this Court grant all requested relief and all other and further relief to which they may be justly entitled at law or in equity.

Respectfully submitted

Philip M. Ross
1006 Holbrook Road
San Antonio, TX 78218
Phone: 210/326-2100
Email: ross_law@hotmail.com

By:  /s/  Philip M. Ross

2

Silverado Appx. 0185

Philip M. Ross
State Bar No. 17304200
ATTORNEY FOR MACK GLEN
PETERSON, LONNY PETERSON,
AND DON LESLIE PETERSON


THE SCHWAGER LAW FIRM
/s/Candice L. Schwager
Candice L. Schwager
1417 Ramada Dr.
Houston, Texas 77062
Tel: (832) 315-8489
Fax: (713) 583-0355
schwagerlawfirm@live.com
ATTORNEY FOR MACK GLEN
PETERSON, LONNY PETERSON,
AND DON LESLIE PETERSON

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was e-filed and served on all counsel of record on the 6th day of September, 2014.

/s/ Philip M. Ross
Philip M. Ross

3

TAB 35

FILED
10/6/2014 8:51:06 PM
Stan Stanart
County Clerk
Harris County

DATA-ENTRY
PICK UP THIS DATE

**PROBATE COURT 1**

NO. 427,208

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF | § | IN THE PROBATE COURT |
| | § | |
| RUBY PETERSON, | § | NUMBER ONE |
| | § | |
| PROPOSED WARD | § | HARRIS COUNTY, TEXAS |

---

CAUSE NO. 2014-40980

| | | |
|---|---|---|
| MACKEY ("MACK") GLEN PETERSON, | § | IN THE DISTRICT COURT |
| PETERSON, Individually, Next Friend | § | |
| of RUBY PETERSON, DON LESLIE | § | |
| PETERSON, Individually and as Next | § | |
| Friend, of RUBY PETERSON, and | § | |
| LONNY PETERSON, Individually and | § | |
| Next Friend of RUBY S. PETERSON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CAROL ANNE MANLEY, | § | |
| DAVID PETERSON, SILVERADO | § | |
| SENIOR LIVING, INC., d/b/a Silverado | § | |
| Senior Living – Sugar Land, | § | |
| | § | |
| Defendants. | § | 129TH JUDICIAL DISTRICT |

FOURTH AMENDED ORIGINAL PETITION AND
CONTEST TO GUARDIANSHIP APPLICATION

1

Silverado Appx. 0187

No. 1-15-586-CV **3214**

MACKEY ("MACK") GLEN PETERSON, LONNY PETERSON ("Lonny"), and DON LESLIE PETERSON ("Don"), Individually and as Next Friends of RUBY PETERSON ("Plaintiffs"), file this Fourth Amended Original Petition and Contest to Guardianship complaining of Defendants, CAROL ANNE MANLEY ("Carol"), DAVID PETERSON ("David"), and SILVERADO SENIOR LIVING, INC., d/b/a Silverado Senior Living – Sugar Land ("SILVERADO"), and in support would show the Court as follows:

<u>DISCOVERY CONTROL PLAN</u>

Discovery in this lawsuit to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure. Tex. R. Civ. P. 190.1.

<u>DECLARATORY JUDGMENT</u>

Plaintiffs allege and would prove that they may be entitled to declaratory judgment as a matter of law that the 1993 Durable Power of Attorney appointing Carol and David was revoked as of November 15, 2013. Tex. Civ. Prac. & Rem. Code 37.001-37.005 et seq. Additionally and alternatively, Ruby executed a new durable power of attorney on November 15, 2013 appointing her sons Mack and Don as her agents. Plaintiffs seek a declaration that Mack and Don are authorized to serve as Ruby's agents pursuant to the November 2013 power of attorney.

2

Silverado Appx. 0188

33  Therefore, Plaintiffs submit that they may be entitled to the following remedies available to a court when a breach of trust has occurred: (a) compel the trustee to perform the trustee's duty or duties;  (b) enjoin the trustee from committing a breach of trust; (c) compel the trustee to redress a breach of trust, including compelling the trustee to pay money or restore property; (d) order a trustee to account; (e) appoint a receiver to take possession of the trust property and administer the trust; (f) suspend the trustee; (g) remove the trustee as provided under Section 113.082;  (h) reduce or deny compensation to the trustee; (i) void an act of the trustee; and/or (j) impose a lien or constructive trust on trust property according to the Texas Trust Code. Section 114.008.

CAUSES OF ACTION

A    FALSE IMPRISONMENT

34. Plaintiffs allege all facts stated hereinabove as if fully set forth below. Texas law defines false imprisonment as the unlawful restraint of an individual's personal liberty or freedom of movement against his or her will.  Plaintiffs allege and would prove that Silverado has restricted Ruby's movement to and from the premises without a court order.

68. To date, there is no Court declaring Ruby to be incompetent or to lack capacity.  There is no presumption of incompetence or incapacity.

12

Silverado Appx. 0189

69    Plaintiffs, as next friends of Ruby, claim all of her rights under the Elderly Bill of Rights found in Section 102 of the Human Resource Code including: (a) An elderly individual has all the rights, benefits, responsibilities, and privileges granted by the constitution and laws of this state and the United States, except where lawfully restricted. The elderly individual has the right to be free of interference, coercion, discrimination, and reprisal in exercising these civil rights. (b) An elderly individual has the right to be treated with dignity and respect for the personal integrity of the individual, without regard to race, religion, national origin, sex, age, disability, marital status, or source of payment. This means that the elderly individual: (1) has the right to make the individual's own choices regarding the individual's personal affairs, care, benefits, and services; (2) has the right to be free from abuse, neglect, and exploitation...Tex. Hum. Resource Code s 102.003. Clearly, this Statute has been repeatedly violated with respect to Ruby.

70    Plaintiffs, as next friends of Ruby, claim all of her rights under the Texas Administrative Code 19.401, et seq., which guarantees the elderly with the uninhibited right to free access and egress of their facilities in which they reside, mandating that an elderly patient's privacy rights be respected by not interfering in any manner with their receipt of unopened mail, telephone calls, private meeting

13

Silverado Appx. 0190

areas with their family. Section 19.401 specifically states the following guarantees:

a. The resident has the right to exercise his rights as a resident at the facility and as a citizen or resident of the United States.

b. The resident has the right to be free of interference, coercion, discrimination, or reprisal from the facility in exercising his rights.

c. In the case of a resident adjudged incompetent under the laws of the State of Texas by a court of competent jurisdiction, the rights of the resident are exercised by the person appointed under Texas law to act on the resident's behalf.

d. The facility must comply with all applicable provisions of the Human Resources Code, Title 6, and Chapter 102. An individual may not be denied appropriate care on the basis of his race, religion, color, national origin, sex, age, handicap, marital status, or source of payment.

e. The facility must allow the resident the right to observe his religious beliefs. The facility must respect the religious beliefs of the resident in accordance with 42 United States Code §1396f.

71    Section 19.401 et seq further mandates that all nursing home facilities under the jurisdiction of the Department of Aging and Disability to ensure privacy with

14

respect to accommodations, medical treatment, personal care, access, visitation, and other potentially invasive, unwanted or intrusive acts or practices by the facility. 19.401.

72 Plaintiffs allege and would prove that Silverado has failed or refused to provide privacy to Ruby and the Plaintiffs regarding phone calls, mail, or personal visitation with Plaintiffs and their wives.

73 Plaintiffs allege and would prove that Ruby and they have sustained substantial damages as a proximate result of Silverado's wrongful imprisonment of Ruby.

74 Plaintiffs further allege and would prove that Silverado's wrongful imprisonment of Ruby was intentional and malicious, such that Silverado should be assessed exemplary or punitive damages.

B    ASSAULT AND BATTERY

75 Plaintiffs allege and would prove that Silverado has committed assault and battery of Ruby with respect to psychotropic drugs forced upon her against her will in food and otherwise. Plaintiffs allege and would prove that Silverado knew or should have known that Ruby refused to take medications that she complained made her sick.

15

76 Plaintiffs allege and would prove that Silverado placed Ruby in reasonable fear of a harmful or offensive contact and/or forcing or tricking her into taking drugs, which she refused to take voluntarily, which wrongful conduct caused Ruby to feel sick.

77 Plaintiffs allege and would prove that Silverado placed them in reasonable fear of a harmful or offensive contact or arrest by law enforcement authorities, when Silverado wrongfully ordered them to leave the premises and issued criminal trespass warnings.

78 Plaintiffs allege and would prove that Ruby and they have sustained substantial damages as a proximate result of Silverado's wrongful assault and/or battery.

79 Plaintiffs further allege and would prove that Silverado's wrongful assault and battery was intentional and malicious, such that Silverado should be assessed exemplary or punitive damages.

C    BREACH OF TRUST and BREACH OF FIDUCIARY DUTY

80 Plaintiffs claim damages jointly and severally against David and Carol for fraud, breach of fiduciary duty, and/or breach of trust with respect to their fiduciary obligations to Ruby and themselves.

16

81     The Estates Code provides that a fiduciary breaches his or her duty by neglecting to provide accounting, records, funds, and information when asked or under a duty to provide the same. It further includes failure to meet the highest degree of care owed to any human being. Tex. Est. Code. 751.001 et seq.

82     Carol and David have duties to: account, keep accurate records, and produce the same upon demand by the beneficiaries including Ruby and the Plaintiffs.

Sec. 751.102. *Duty to Timely Inform Principal.* [TPC §489B(b)] states: "(a) The attorney in fact or agent shall timely inform the principal of each action taken under the power of attorney. (b) Failure of an attorney in fact or agent to timely inform, as to third parties, does not invalidate any action of the attorney in fact or agent." Sec. 751.103. *Maintenance of Records.* [TPC §489B(c), (f)] states: "(a) The attorney in fact or agent shall maintain records of each action taken or decision made by the attorney in fact or agent. (b) The attorney in fact or agent shall maintain all records until delivered to the principal, released by the principal, or discharged by a court." Sec. 751.104. *Accounting.* [TPC §489B(d), (e)] states "(a) The principal may demand an accounting by the attorney in fact or agent. (b) Unless otherwise directed by the principal, an accounting under Subsection (a) must include: (1) the property belonging to the principal that has come to the attorney in fact's or agent's knowledge or into the attorney in fact's or agent's

17

Silverado Appx. 0194

possession; (2) each action taken or decision made by the attorney in fact or agent; (3) a complete account of receipts, disbursements, and other actions of the attorney in fact or agent that includes the source and nature of each receipt, disbursement, or action, with receipts of principal and income shown separately; (4) a listing of all property over which the attorney in fact or agent has exercised control that includes: (A) an adequate description of each asset; and (B) the asset's current value, if the value is known to the attorney in fact or agent. (5) the cash balance on hand and the name and location of the depository at which the cash balance is kept; (6) each known liability; and (7) any other information and facts known to the attorney in fact or agent as necessary for a full and definite understanding of the exact condition of the property belonging to the principal. (c) Unless directed otherwise by the principal, the attorney in fact or agent shall also provide to the principal all documentation regarding the principal's property.

83    The Texas Durable Power of Attorney Act, Texas Estates Code 751.001 governs Durable Powers of Attorney. In 1993, Ruby executed this Power of Aattorney, declaring it to be "unlimited in nature. Based upon complete trust." 1993 Durable Power of Attorney.

84    Plaintiffs allege and would prove that Carol and David breached their duties of disclosure, accounting and disbursement. Sec. 751.105. *Effect of Failure to*

18

*Comply; Suit.* [TPC §489B(g)] states: "If the attorney in fact or agent fails or refuses to inform the principal, provide documentation, or deliver an accounting under Section 751.104 within 60 days of a demand under that section, or a longer or shorter period as demanded by the principal or ordered by a court, the principal may file suit to:

(1) Compel the attorney in fact or agent to deliver the accounting or the assets; or

(2) Terminate the power of attorney.

85    Plaintiffs allege and would prove that Ruby and they have sustained substantial damages as a proximate result of Carol and David's breach of trust and/or breach of fiduciary duty.

86    Plaintiffs allege and would prove that Carol and David's failure or refusal to provide written annual accounting of the Peterson Trust is intentional and malicious, such that they should be assessed exemplary or punitive damages.

87    Ruby revoked the 1993 Power of Attorney on November 15, 2013. Silverado had notice of the new powers of attorney appointing Mack and Don as Ruby's agents on November 15, 2013. Silverado had a duty to acknowledge and honor Ruby's new powers of attorney.

19

Silverado Appx. 0196

88   Plaintiffs allege and would prove that Ruby and they have sustained substantial damages as a proximate result of Silverado's breach of trust and/or breach of fiduciary duty regarding Ruby's new powers of attorney. Additionally, Silverado intentionally and maliciously failed or refused to honor and recognize Ruby's revocation of her previous power of attorney and her appointment of Don and Mack as her agents, such that Silverado should be assessed exemplary or punitive damages.

E   CONSPIRACY

89   Plaintiffs claim damages against the Defendants jointly and severally based on the alleged conspiracy among Carol, David and Silverado to accomplish an unlawful purpose.  Conspiracy exists here because there are (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object of the course of action, (4) one or more unlawful, overt acts, and (5) damages as the proximate result.

90   Plaintiffs allege and would prove that the Defendants agreed to violate or infringe Ruby's rights against false imprisonment and/or assault and battery, under the facts alleged in this case.

JURY DEMAND

Plaintiffs demand a jury trial and have paid a jury fee.

20

Silverado Appx. 0197

# TAB 36

APPELLATE COURT CASE NO. 01-15-00567-CV & 01-15-00586-CV

TRIAL COURT CASE NO. 427,208 & 427,208-401

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/15/2015 10:04:54 AM
CHRISTOPHER A. PRINE
Clerk

IN THE GUARDIANSHIP            *      IN THE PROBATE COURT OF

                              *

RUBY PETERSON,                 *      HARRIS COUNTY, T E X A S

                              *

INCAPACITATED ADULT            *      COURT   NUMBER  (1)  ONE


        MOTION TO RULE FOR SECURITY FOR COSTS

          AND MOTIONS FOR SANCTIONS HEARING


        Came to be heard on this the 9th day of October, 2014, Motion to Rule for Security for Costs and Motions for Sanctions Hearing, in the above-entitled and numbered cause, and all parties appeared in person and/or being represented by Counsel of Record, before the Honorable Loyd Wright, Judge Presiding.


                VOLUME  10  OF  13


                O R I G I N A L

APPEARANCES

ATTORNEY FOR RESPONDENTS/PLAINTIFFS, MACKEY GLEN PETERSON,
DON LESLIE PETERSON AND LONNY PETERSON:

          Philip Ross
          State Bar No. 17304200
          1006 Holbrook Rd
          San Antonio, TX 78218-3325
          Telephone:  210-326-2100

ATTORNEYS FOR MOVANTS/DEFENDANTS, CAROL ANN MANLEY
AND DAVID PETERSON:

          Sarah Patel Pacheco
          State Bar No. 00788164
          1401 McKinney Street
          1700 Five Houston Center
          Houston, Texas 77010
          Telephone:  713-658-2323

ATTORNEYS FOR MOVANTS/DEFENDANTS:  SILVERADO SENIOR LIVING
CENTER SUGAR LAND:

          Josh Davis
          State Bar No. 24031993
          Greenway Plaza, Suite 1400
          Houston, TX 77046-2410
          Telephone: (713)659-6767

GUARDIAN AD LITEM FOR RUBY PETERSON:

          Jill Young
          State Bar No. 00797670
          2900 Weslayan, Suite 150
          Houston, Tx 77027
          Telephone:  713-572-2900

ATTORNEY AD LITEM FOR RUBY PETERSON:

          W. Russ Jones
          State Bar No. 10968050
          5177 Richmond Ave, Suite 505
          Houston, Tx 77056-6775
          Telephone:  713-552-1144

CHRONOLOGICAL INDEX

Page

Preliminary discussions between Court and Counsels-------- 8

Mr. Ross explains Ms. Schwager's absence---------------- 14

Ms. Young updates Court on Mrs. Peterson's condition----- 15

Mr. Jones presents his motions-------------------------- 19

Ms. Young presents her motions-------------------------- 33

Ms. Pacheco interjects just on their motions------------ 35

Mr. Ross responds--------------------------------------- 37

Ms. Pacheco responds------------------------------------ 53

Mr. Ross responds--------------------------------------- 55

Mr. Jones responds-------------------------------------- 61

Ms. Young responds-------------------------------------- 62

Mr. Jones responds-------------------------------------- 63

Mr. Ross responds--------------------------------------- 63

Ms. Pacheco presents her motions------------------------ 69

Defendant's Exhibit No. 1 admitted---------------------- 73

Defendant's Exhibit No. 2 admitted---------------------- 75

Defendant's Exhibit No. 3 admitted---------------------- 76

Defendant's Exhibit No. 4 admitted---------------------- 77

Defendant's Exhibit No. 5 admitted---------------------- 78

Defendant's Exhibit No. 6 admitted---------------------- 79

Defendant's Exhibit No. 7 admitted---------------------- 80

Defendant's Exhibit No. 8 admitted---------------------- 83

Mr. Davis presents his motions-------------------------- 87

CHRONOLOGICAL INDEX

(continued)                                                    Page

Defendant's Exibit No. A admitted----------------------- 94

Defendant's Exibit No. B admitted----------------------- 97

Defendant's Exibit No. C admitted-----------------------101

Defendant's Exibit No. D admitted-----------------------104

Ms. Pacheco requests sanctions--------------------------105

Mr. Davis requests sanctions---------------------------- 106

Ms. Young is excused------------------------------------107

Mr. Ross responds---------------------------------------107

Ms. Pacheco responds------------------------------------110

Mr. Davis responds--------------------------------------111

Mr. Ross responds---------------------------------------113

Court Reporter's Certificate----------------------------119

TAB 37

FILED
10/17/2014 5:24:27 PM
Stan Stanart
County Clerk
Harris County

Cause No. 427208

**PROBATE COURT 1**

| | | |
|---|---|---|
| IN THE GUARDIANSHIP OF | § | IN THE PROBATE COURT |
| | § | |
| RUBY S. PETERSON, | § | NUMBER ONE (1) OF |
| | § | |
| AN INCAPACITATED PERSON | § | HARRIS COUNTY, TEXAS |

Cause No. 2014-40980

| | | |
|---|---|---|
| MACKEY ("MACK") GLEN PETERSON, | § | IN THE DISTRICT COURT OF |
| Individually and as Next Friend of RUBY | § | |
| PETERSON, DON LESLIE PETERSON, | § | |
| Individually and as Next Friend of RUBY | § | |
| PETERSON, and LONNY PETERSON, | § | |
| Individually and as Next Friend of RUBY | § | |
| PETERSON, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CAROL ANNE MANLEY, DAVID | § | |
| PETERSON, SILVERADO SENIOR LIVING | § | |
| FACILITY, TANA MCMILLON, DR. | § | |
| REBECCA CLEARMAN, and DR. CHRIS | § | |
| MERKL, | § | |
| | § | |
| Defendants | § | 129th JUDICIAL DISTRICT |

**GUARDIAN AD LITEM & ATTORNEY AD LITEMS' MOTION TO DISMISS
PLAINTIFFS' CLAIMS BROUGHT IN THEIR PURPORTED CAPACITY AS NEXT
FRIEND OF RUBY S. PETERSON FOR LACK OF STANDING AND LACK OF
SUBJECT MATTER JURISDICTION**

TO THE HONORABLE JUDGE LOYD H. WRIGHT:

COME NOW, JILL W. YOUNG & W. RUSS JONES, action in their respective

capacities as Guardian Ad Litem and Attorney Ad Litem for Ruby S. Peterson, and file this their

MOTION TO DISMISS PLAINTIFFS' CLAIMS BROUGHT IN THEIR PURPORTED

Silverado Appx. 0202

No. 1-15-586-CV **3320**

CAPACITY AS NEXT FRIEND OF RUBY S. PETERSON FOR LACK OF STANDING AND LACK OF SUBJECT MATTER JURISDICTION, and in support for the dismissal of said claims, would show unto the Court the following:

### I. Plaintiffs Have No Authority to Act on Behalf of Ruby S. Peterson

1. In 1993, when she was of sound mind and fully competent to execute a Durable Power of Attorney for both her financial affairs and for her medical and healthcare decision-making, Ruby S. Peterson, after due consideration, appointed Carol Ann Manley and David Troy Peterson (Defendants herein) to be her lawfully designated Agents and Attorneys-in-Fact.

2. For the ensuing 20 years, Ruby Peterson was mentally competent to manage her own financial affairs and make her own medical and healthcare decisions.

3. However, in late 2012 and early 2013, Ruby S. Peterson developed increasing confusion, disorientation, and short term memory impairment.

4. Beginning in approximately March of 2013, a series of Ruby S. Peterson's treating physicians examined, evaluated and assessed her physical and mental health, and each concluded that she had developed Dementia.

5. The Board Certified Specialists and treating physicians who EACH DIAGNOSED RUBY PETERSON WITH DEMENTIA IN 2013 include:

   a. **Federico Dancel, M.D.** (Board Certified Internal Medicine specialist and Ruby Peterson's long time primary care physician who diagnosed Mrs. Peterson with dementia in approximately March 2013);

   b. **Saeed Kahkeshani, M.D.** (Board Certified Neurologist who diagnosed Mrs. Peterson with dementia in approximately June 2013);

Silverado Appx. 0203

No. 1-15-586-CV **3321**

c. **Samiran K. Das, M.D.** (Board Certified Internist who diagnosed Ruby with dementia at the Pasadena Bayshore Hospital Geriatric Psychiatric Unit in August 2013);

d. **Salah U. Qureshi, M.D.** (Board Certified Geriatric Psychiatrist who diagnosed Ruby with dementia at the Pasadena Bayshore Hospital Geriatric Psychiatric Unit in August of 2013);

e. **Suleman Lalani, M.D.** (Board Certified Internist, Board Certified Geriatric physician and Ruby Peterson's attending physician at the Silverado Senior Living Facility in Sugar Land, Texas who diagnosed Ruby with dementia in late August or early September of 2013.);

f. **Christopher O. Merkl, M.D.** (Board Certified Geriatric Psychiatrist who performed a mental capacity examination on Ruby Peterson on October 4, 2013 and diagnosed her with dementia, severe cognitive impairment, susceptibility to manipulation, and a lack of mental capacity to manage her financial or other affairs in October of 2013).

6. Despite knowledge of the above-findings regarding their mother's diminished mental capacity and susceptibility to manipulation, Plaintiffs orchestrated a meeting with Ruby Peterson on November 15, 2013, without notice to her lawfully designated agents and attorneys-in-fact, Carol Ann Manley and David Troy Peterson, and manipulated Ruby Peterson into signing a purported Revocation of Prior Durable Power of Attorney and a purported Statutory Durable Power of Attorney in favor of Plaintiff Donny Leslie Peterson with promises that with the new documents, Plaintiffs could move Mrs. Peterson out of the Silverado Senior Living Facility (a secured Memory Care Unit).

Silverado Appx. 0204

No. 1-15-586-CV **3322**

## II. JUDICIAL ADMISSION OF MENTAL INCAPACITY TO CONTRACT

7. Less than thirty (30) days after securing the new documents, Plaintiffs initiated this guardianship proceeding by filing their Original Petition for Appointment of Temporary and Permanent Guardian of Ruby S. Peterson. In connection therewith, Plaintiffs Donny Leslie Peterson and Mackey Glen Peterson *swore under oath that they had read the Plaintiffs' Original Petition to Appoint Temporary and Permanent Guardian of the Person and Estate of Ruby S. Peterson* AND THAT EACH OF THE FACTUAL STATEMENTS CONTAINED THEREIN WERE (A) WITHIN THEIR PERSONAL KNOWLEDGE; AND (2) WERE TRUE AND CORRECT.

8. In Paragraph 13 of their Original Petition, Plaintiff Donny Leslie Peterson and Mackey Glen Peterson swore that the following facts were within their personal knowledge and were true and correct:

   "It also appears to petitioners that <u>because of the proposed ward's mental condition, she is unable to protect herself or make decisions that are in the best interest of her personal and financial affairs. Still, believing in the foregoing</u>, petitioners accepted the proposed ward's signed power of attorney on 11-15-13, <u>not contradictory to their belief in their mother's mental limitations</u>, but *perhaps* in a lucid moment that she understood what she was signing."

9. The above statements are considered **TRUE JUDICIAL ADMISSIONS** under Texas law. A true judicial admission is a formal waiver of proof usually **FOUND IN PLEADINGS** or the stipulations of the parties. A judicial admission is <u>**CONCLUSIVE**</u>

Silverado Appx. 0205

No. 1-15-586-CV **3323**

**UPON THE PARTY MAKING IT, AND IT RELIEVES THE OPPOSING PARTY'S BURDEN OF PROVING THE ADMITTED FACT, AND BARS THE ADMITTING PARTY FROM DISPUTING IT.** See *Mendoza v. Fidelity Guaranty Ins. Underwriters*, 606 S.W.2d 692, 694 (Tex. 1980), citing *Gevinson v. Manhattan Construction Co. of Oklahoma*, 449 S.W.2d 458, 467 (Tex. 1969); McCormick and Ray, Texas Law of Evidence § 1127 (2d ed. 1956).

10. Thus, **PLAINTIFFS DONNY LESLIE PETERSON AND MACKEY GLEN PETERSON HAVE CONCLUSIVELY ADMITTED THAT,** by November 15, 2013: (a) *BECAUSE OF THE PROPOSED WARD'S MENTAL CONDITION, SHE IS UNABLE TO PROTECT HERSELF OR MAKE DECISIONS THAT ARE IN THE BEST INTEREST OF HER PERSONAL AND FINANCIAL AFFAIRS*; and (b) *THAT STILL BELIEVING IN THE FOREGOING, PETITIONERS ACCEPTED THE PROPOSED WARD'S SIGNED POWER OF ATTORNEY ON 11-15-13, NOT CONTRADICTORY TO THEIR BELIEF IN THEIR MOTHER'S MENTAL LIMITATIONS.*

11. The above judicial admissions are not only conclusive against Plaintiffs herein, but **THEY ALSO RELIEVE THE OPPOSING PARTIES' BURDEN OF PROVING THE ADMITTED FACT, AND BARS THE PLAINTIFFS FROM DISPUTING IT.** *Id.*

12. Based on the above judicial admissions, it is conclusively established that Ruby S. Peterson lacked the requisite mental capacity to protect herself or make

Silverado Appx. 0206

decisions that are in the best interest of her personal or financial affairs on November 15, 2013, which would include, without limitation, the capacity to contract, and Plaintiffs are legally barred from disputing it.

13.     Therefore, the purported but denied Revocation of Prior Durable Power of Attorney dated November 15, 2013 **is null, void and of no legal effect.** Likewise, the purported but denied Statutory Durable Power of Attorney dated November 15, 2013 **is null, void and of no legal effect.**[1] As a result, the only persons with lawful authority to act on behalf of Ruby S. Peterson's estate or to make medical or healthcare decisions on her behalf are Carol Ann Manley and David Troy Peterson, acting in their capacity as Ruby S. Peterson's duly appointed and designated agents under Mrs. Peterson's 1993 Durable Power of Attorney.

### III. PLAINTIFFS' LACK OF STANDING & LACK OF SUBJECT MATTER JURISDICTION

14.     Lacking any legal authority to represent Ruby S. Peterson, an Incapacitated Person, Plaintiffs Donny Leslie Peterson, Mackey Glen Peterson and Lonny Peterson **lack standing** to bring or maintain this lawsuit in the purported but denied capacity as Next Friend of Ruby S. Peterson.

---

[1]     Indeed, Ruby Peterson was manipulated into signing it based on promises that by so doing, Plaintiffs Donny Peterson and Mack Peterson would move her out of the Silverado facility—a medical and healthcare decision expressly denied to a statutory durable power of attorney.

Silverado Appx. 0207

No. 1-15-586-CV 3325

15. Standing is an integral component of, and is implicit in, the concept of subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Subject matter jurisdiction is essential to the authority of a court to decide a case. *Id.* Whether a trial court has subject matter jurisdiction is a question of law subject to de novo review. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

16. If a party fails to establish standing, the trial court must dismiss the suit. *In re N.L.D.*, 344 S.W.3d 33, 37 (Tex. App.--Texarkana 2011, no pet.). See, also *In Re McDaniel*, 01-11-00711-CV (Tex. App.--Houston [1st Dist.] original proceeding, 10-11-2011). The trial court can consider evidence on the standing issue when evidence is necessary to determine jurisdictional facts. *Bland ISD v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). Here, no further evidence is necessary because Plaintiffs have judicially admitted that Ruby S. Peterson lacked mental capacity to contract on November 15, 2013 in their Original Petition, Defendants and the Proposed Ward are relieved of the burden of proving lack of capacity to execute the November 15, 2013 documents, and Plaintiffs are barred from disputing her lack of capacity.

17. The petitioner must show the facts establishing standing existed *at the time suit was filed* in the trial court. *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001); In re Vogel, 261 S.W.3d 917, 921 (Tex. App.--Houston [14th Dist.] 2008, orig. proceeding). Here, Petitioners/Plaintiffs have judicially admitted that capacity did NOT exist. If the petitioner fails to meet this burden,

*the trial court must dismiss the suit. In re N.L.D.*, 344 S.W.3d at 37.

18.    Since Petitioners/Plaintiffs are barred from establishing that they had standing to represent Ruby S. Peterson at the time suit was filed, then they lack standing to bring suit on the Proposed Ward's behalf, and the Court must dismiss the suit for lack of subject matter jurisdiction. *In re N.L.D.*, 344 S.W.3d at 37.

WHEREFORE, PREMISES CONSIDERED, Movants Jill W. Young and W. Russ Jones, Guardian Ad Litem and Attorney Ad Litem, respectively, for Ruby S. Peterson, respectfully pray that, after notice and oral hearing, the Court GRANT this Motion and DISMISS the Plaintiffs' claims brought in their purported but denied capacity as Next Friend of Ruby S. Peterson for lack of standing and lack of subject matter jurisdiction; and that the Court tax all costs against Plaintiffs for which execution should issue if not timely paid; and for such other and further relief, at law or in equity, to which Movants may show themselves justly entitled and for which they shall in duty bound forever pray.

Respectfully submitted,

UNDERWOOD, JONES, SCHERRER & MALOUF, P.L.L.C.


By:_____
      W. RUSS JONES
      TBA # 10968050
      5177 Richmond Avenue, Suite 505
      Houston, Texas 77056
      Telephone:  (713) 552-1144
      Facsimile:  (713) 781-4448

rjones@ujsmlaw.com

ATTORNEY AD LITEM FOR RUBY
S. PETERSON, AN INCAPACITATED
PERSON

MACINTYRE, MCCULLOCH,
STANFIELD & YOUNG, L.L.P.


By:_____
JILL W. YOUNG
T.B.A. #00797670
2900 Weslayan, Suite 150
Houston, TX 77027
Telephone: (713) 572-2900
Facsimile: (713) 572-2902

GUARDIAN AD LITEM FOR RUBY S.
PETERSON, AN INCAPACITATED
PERSON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to:

Sarah Patel Pacheco
Kathleen Tanner Beduze
Crain, Caton & James, P.C.
1401 McKinney, Suite 1700
Houston, Texas 77010

Candice Schwager
1417 Ramada Drive
Houston, Texas 77062

Philip M. Ross
1006 Holbrook Road
San Antonio, Texas 78218

Josh K. Davis
Lewis, Brisbois, Bisgaard & Smith, L.L.P.
Weslayan Tower, Suite 1400
24 Greenway Plaza

By facsimile and/or e-file on the 17th day of October, 2014.


_____
W. RUSS JONES

Silverado Appx. 0210

No. 1-15-586-CV 3328

TAB 38

FILED
10/27/2014 9:02:08 PM
Stan Stanart
County Clerk
Harris County

DATA-ENTRY
PICK UP THIS DATE

PROBATE COURT 1

NO. 427,208

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF | § | IN THE PROBATE COURT |
| | § | |
| RUBY PETERSON, | § | NUMBER ONE |
| | § | |
| PROPOSED WARD | § | HARRIS COUNTY, TEXAS |

---

CAUSE NO. 2014-40980

| | | |
|---|---|---|
| MACKEY ("MACK") GLEN PETERSON, | § | IN THE DISTRICT COURT |
| PETERSON, Individually, Next Friend | § | |
| of RUBY PETERSON, DON LESLIE | § | |
| PETERSON, Individually and as Next | § | |
| Friend, of RUBY PETERSON, and | § | |
| LONNY PETERSON, Individually and | § | |
| Next Friend of RUBY S. PETERSON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CAROL ANNE MANLEY, | § | |
| DAVID PETERSON, SILVERADO | § | |
| SENIOR LIVING, INC., d/b/a Silverado | § | |
| Senior Living – Sugar Land, | § | |
| | § | |
| Defendants. | § | 129TH JUDICIAL DISTRICT |

RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
PURSUANT TO TRCP RULE 91a

TO THE HONORABLE JUDGE LLOYD WRIGHT:

Don Peterson, Lonny Peterson and Mack Peterson file this Response to in

1

Silverado Appx. 0211

No. 1-15-586-CV **3347**

Opposition to Defendants' Motion to Dismiss Pursuant to TRCP Rule 91a, and would show the Court as follows:

## INTRODUCTION

1  Plaintiffs filed this suit on July 25, 2014.

2  Defendants waived service and entered an appearance on July 28, 2014.

3  Defendants filed their motion to dismiss on September 25, 2014.

## UNDISPUTED MATERIAL FACTS

4  Ruby Peterson ("Ruby") is an involuntary resident of Silverado Senior Living, Inc. d/b/a Silverado Senior Living - Sugar Land ("Silverado").

5  In 1993, Ruby executed a durable power of attorney appointing Carol Manley ("Carol") and David Peterson ("David"). However, on November 15, 2013, Ruby executed a Revocation of Power of Attorney and new powers of attorney appointing her sons Don and Mack Peterson as her agents.

6  There are conflicting diagnoses regarding Ruby's capacity. Dr. Christopher Merkl, M.D. has reported that Ruby has severe dementia, although he later testified that she has mild to moderate dementia. Dr. Mark Kunik, M.D. reported that Ruby has mild to moderate dementia and that she lacks capacity. Dr. John Tennison, M.D. reported that Ruby has mild to moderate dementia, but to a reasonable degree of medical certainty, she probably had capacity to execute new powers of attorney on November 15, 2013.

2

Silverado Appx. 0212

## RULE 91a STANDARD

7    TRCP Rule 91a allows a party to move the court to dismiss a groundless cause of action. The rule provides in part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

TRCP Rule 91a.

## ARGUMENT

A.    Plaintiffs have standing in this case.

8    Plaintiffs have standing to pursue claims on Ruby's behalf, and this case should not be dismissed for want of subject matter jurisdiction. Plaintiffs bring suit on Ruby's behalf as next friend and attorneys-in-fact. Claims brought on Ruby's behalf should not be dismissed for lack of standing.

9    Although Ruby executed a durable power of attorney, which included a medical power of attorney, in 1993, that power of attorney was expressly revoked on November 15, 2013, and the revocation was recorded in the official public records of Harris County, Texas.

3

Silverado Appx. 0213

No. 1-15-586-CV 3349

10    There is conflicting evidence whether Ruby had capacity to execute a contract in November 2013. However, the Texas Health and Safety Code, Section 166.155 provides for revocation of a medical power of attorney as follows:

> Sec. 166.155. REVOCATION. (a) A medical power of attorney is revoked by:
>
> (1) oral or written notification at any time by the principal to the agent or a licensed or certified health or residential care provider or by any other act evidencing a specific intent to revoke the power, without regard to whether the principal is competent or the principal's mental state.

11    Therefore, the revocation of medical power of attorney signed by Ruby was effective "without regard to whether the principal is competent or the principal's mental state. Presently, Ruby does not have agents pursuant to any medical power of attorney.

12    Additionally, fact questions remain whether Ruby's execution of new durable powers of attorney on November 15, 2013 was effective. Construing contested facts in favor of the Plaintiffs indicates that the revocation of the 1993 power of attorney on November 15, 2013 was effective, and the execution of new powers of attorney were also effective.

13    Standing is a constitutional prerequisite to filing suit. *Heckman v Williamson*

4

Silverado Appx. 0214

*Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). Plaintiffs have alleged that they personally suffered harm and injury as a proximate result of Defendants' wrongful acts and/or omissions. To wit, Defendants retaliated against Don and his wife, Mack and his wife, and Lonny as well as Ruby for revoking the 1993 power of attorney on November 15, 2013. Plaintiffs allege and would prove that Ruby had a right to revoke her prior medical power of attorney pursuant to the Texas Health and Safety Code, Section 166.155, and Defendants' retaliation was wrongful. In fact, Defendants' retaliation was knowing, intentional and malicious because they knew or should have known that they had no authority to prevent the Plaintiffs from visiting each other and that denying visitation would cause irreparable harm and injury to the Plaintiffs.

14    Therefore, Carol and David were without authority to prevent Ruby from leaving Silverado because their power of attorney was revoked on November 15, 2013, and Silverado wrongfully denied Don, Mack and Ruby access to each other for the purpose of moving her out of Silverado. Plaintiffs submit that they have properly pleaded facts, which demonstrate that they have standing to bring claims on behalf of Ruby.

15    Because it is clear from the Plaintiffs' pleadings that they have standing to bring claims on behalf of Ruby, the Court has jurisdiction to hear their claims, and the Court lacks discretion to dismiss Plaintiffs' suit against the Defendants in its entirety.

5

Silverado Appx. 0215

*Heckman*, 369 S.W.3d at 150.

B.    Defendants are liable to Ruby, Don, Mack and Lonny.

16    Defendants are liable because they knew or should have known that the 1993 power of attorney was revoked on November 15, 2013, and their continued reliance was arbitrary and unreasonable after they had express notice of the revocation, which was recorded in the Harris County Public Records.  Texas Health and Safety Code, Section 166.155

17    Specifically, the Texas Estates Code provides in relevant part:

If a durable power of attorney is used, a third party who relies in good faith on the acts of an attorney in fact or agent performed in the scope of the power of attorney is not liable to the principal.

Texas Estates Code Section 751.056.

18    Plaintiffs allege and would prove that Defendants did not rely on the acts of Carol and David in good faith after November 15, 2013 because Defendants knew or should have known that David and Carol lacked authority to act after the 1993 power of attorney was revoked. Therefore, Defendant are liable to Ruby.

19    Additionally, the Texas Health and Safety Code, Section 166.155 provides:

REVOCATION. (a) A medical power of attorney is revoked by:

(1)  oral or written notification at any time by the principal to the agent or a licensed or certified health or residential care provider or

6

Silverado Appx. 0216

No. 1-15-586-CV 3352

by any other act evidencing a specific intent to revoke the power, without regard to whether the principal is competent or the principal's mental state.

20 Plaintiffs allege and would prove that Defendants' reliance on Carol and David's purported authority under the 1993 power of attorney was not in good faith after that power of attorney was revoked on November 15, 2013 because the revocation was recorded in the public records of Harris County, Texas, and Defendants had express notice of that fact. Therefore, Silverado can be held liable to Ruby for all its wrongful acts and/or omissions, which were performed in bad faith reliance on the 1993 power of attorney beginning on November 15, 2013.

21 Plaintiffs' claims have a basis in law, and they should not be dismissed because each of Plaintiffs' claims, taken as true, together with inferences reasonably drawn therefrom, entitle Plaintiffs to the relief sought, i.e., 1) Plaintiffs have standing, and 2) Defendants can be held liable for their bad faith reliance on a medical power of attorney that had been revoked as a matter of law. Therefore, dismissal is not appropriate because Plaintiffs can prove facts, which would entitle them to relief from Defendants. *Heckman*, 369 S.W.3d at 150.

7

Silverado Appx. 0217

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request the Court to deny the motion of Silverado Senior Living, Inc., Tana McMillan and Linda Lavinson in its entirety. Plaintiffs also request that the Court tax costs against the Defendants, for which execution should issue if not timely paid. Plaintiffs pray for such other and further relief, to which they may be justly entitled.

Respectfully submitted,

Philip M. Ross, SBN 17304200
1006 Holbrook Road
San Antonio, Texas 78218
Phone: 210/326-2100
Email: ross_law@hotmail.com

By: /s/ Philip M. Ross
Philip M. Ross

Candice Schwager
1417 Ramada Drive
Houston, TX 77062
Phone: 832-315-8489
FAX: 713-583-0355
Attorneys for Don Peterson,
Lonny Peterson and Mack
Peterson

8

Silverado Appx. 0218

## Certificate of Service

I hereby certify that a true and correct copy of the above document was e-filed and sent by email or electronic delivery by agreement to:

Sarah Pacheco
Kathleen Beduze
Crain, Caton & James, PC
1401 McKinney St., Suite 1700
Houston, TX 77010

Russ Jones
Underwood, Jones, Scherrer &
Malouf, PLLC
5177 Richmond Ave., Suite 505
Houston, TX 77056

Jill Young
MacIntyre, McCulloch, Stanfield, Young, LLP
2900 Weslayan, Suite 150
Houston, TX 77027

Josh Davis
Lewis Brisbois Bisgaard & Smith, LLP
Weslayan Tower, Suite 1400
24 Greenway Plaza
Houston, TX 77046

on October 27, 2014.

/s/ Philip M. Ross
Philip M. Ross

9

No. 1-15-586-CV **3355**